IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ZACHARIAH HUDDLESTON,

    Petitioner,

    v.

WARDEN, MANSFIELD CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:19-CV-3915
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson

## ORDER

On April 29, 2020, the Magistrate Judge issued a Report and Recommendation recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 11.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 12.) Specifically, Petitioner again asserts that his attorney performed in a constitutionally ineffective manner by failing to redact prejudicial statements that Petitioner made to police and in recorded telephone conversations from the jail, and failing to object to jury instructions that may have permitted his conviction based on a failure to act. Petitioner again argues that the state appellate court unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), in rejecting his claims.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons detailed by the state appellate court, this Court likewise concludes that Petitioner cannot establish the denial of the effective assistance of counsel under the two-prong *Strickland* test. The record does not reflect a basis for relief under 28 U.S.C. § 2254(d). Therefore, Petitioner's Objection (ECF No. 12) is **OVERRULED.** The Report and Recommendation (ECF No. 11) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, ⸺U.S. ⸺. ⸺, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).  When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claim of ineffective assistance of counsel as without merit.  The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED**.

Date: May 14, 2020 _____s/James L. Graham_____
**JAMES L. GRAHAM
UNITED STATES DISTRICT JUDGE**